United States District Court
Southern District of Texas
**ENTERED**
September 28, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| TRACY JOHNSON, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-25-4423 |
| HARRIS COUNTY, *et al.*, | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER ADOPTING**
**MEMORANDUM AND RECOMMENDATION**

This court has reviewed the Memorandum and Recommendation of United States Magistrate Judge Peter Bray on the motions to dismiss, (Docket Entry No. 85), and the plaintiff's objections to the Memorandum and Recommendation, (Docket Entry No. 86), and made a *de novo* determination. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C); *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

Judge Bray's detailed and thorough Memorandum and Recommendation recommended granting the motions to dismiss, (Docket Entry Nos. 43, 44, 46, 55, 56, 57). Based on the pleadings, the record, and the applicable law, the court adopts the Memorandum and Recommendation as this court's Memorandum and Order. Judge Bray recommended that several claims be dismissed without prejudice for lack of subject matter jurisdiction, (Docket Entry No. 85 at 9–14 (analyzing criminal claims; claims for pro se representation on behalf of children; claims related to ongoing state court child custody proceedings; and claims against state court judges)). Judge Bray also recommended that several claims be dismissed with prejudice for failure to state a claim, (*id.* at 15–25 (discussing the civil RICO claim; the claims under 42 U.S.C. §§ 1985(c) and 1986; the claims under 42 U.S.C. § 1983)). Judge Bray recommended dismissal,

without prejudice, of the remaining claims, all of which arose under state law. (*Id.* at 25–27). Johnson's request for leave to amend, (Docket Entry No. 61 at 27), was denied because "[t]he court ha[d] no reason to believe that Johnson could amend her complaint in such a way to remedy its defects." (Docket Entry No. 85 at 27–28).

The objections do not lead to a different result. Johnson argues that the Memorandum and Recommendation "improperly characterizes" her "constitutional claims as merely a dispute over child custody[,] (Docket Entry No. 86 at 1; *id.* at 1–4), conflates protective-order appeals with child-custody proceedings, (*id.* at 4–7); fails to account for alleged child-safety circumstances, (*id.* at 7–8); resolves factual disputes at the 12(b)(6) stage, (*id.* at 13–14); conducts an incomplete *Monell* analysis, (*id.* at 14–17); and fails to conduct an appropriate analysis on many of the other issues, (*id.* at 17–37). Not so. The Memorandum and Recommendation used the correct legal standard, applied the law to the facts, extensively analyzed each claim, and provided a convincing rationale for every recommendation. (*See generally* Docket Entry No. 85). Johnson's objections do not overcome the defects related to subject-matter jurisdiction and those related to her failure to state a claim. (*Compare* Docket Entry No. 86, *with* Docket Entry No. 85).

Johnson's objections are overruled. The court adopts the Memorandum and Recommendation as this court's Memorandum and Order. The court denies leave to amend because amendment would be futile. The motions to dismiss, (Docket Entry Nos. 43, 44, 46, 55, 56, 57), are granted. The court dismisses the claims for lack of subject-matter jurisdiction without prejudice. All other claims are dismissed with prejudice.

SIGNED on September 28, 2026, at Houston, Texas.

Lee H. Rosenthal
Senior United States District Judge